615 A.2d 751

**Joe LEIGHT**

v.

**Larry H. LEFKOWITZ and Eve Lefkowitz, H/W, Appellants.**

Superior Court of Pennsylvania.

Argued June 24, 1992.

Filed Oct. 30, 1992.

---

4. Brief at 21.

Larry H. Lefkowitz, Philadelphia, for appellants.

Ronald N. Diamond, Rydal, for appellee.

Before JOHNSON, FORD ELLIOTT and HOFFMAN, JJ.

JOHNSON, Judge.

The sole issue on this appeal is whether service by certified mail and ordinary mail pursuant to the Rules of Civil Procedure of the Municipal Court of Philadelphia can be effected where the addressee refuses delivery, and the certified mail is returned "Unclaimed" and the regular mail is returned "Refused." We conclude that Rule 111 of the Municipal Court Rules expressly provides to the contrary. Accordingly, we reverse the order which dismissed the petition to open a default judgment and remand for further proceedings.

The facts are not in dispute. Joe Leight brought suit in Municipal Court to recover for carpeting he had installed in the home of Larry H. and Eve Lefkowitz, husband and wife. To effect service, Leight relied upon Phila.M.C.R.Civ.P. No. 111. On September 19, 1990, Leight mailed Statements of Claim, Notices of Defense, and return envelopes postage prepaid, by certified mail and by ordinary mail, in four separate envelopes to Larry and Eve Lefkowitz, all in accordance

with Phila.M.C.R.Civ.P. No. 114. On October 4, 1990, the two pieces of ordinary mail were returned to Leight by the United States Postal Service marked "Refused." On October 5, 1990, both pieces of certified mail were returned to Leight by the Postal Service marked "Unclaimed."

Thereafter, on October 6, 1990, Leight mailed, by ordinary mail, with a certificate of mailing, a second copy of the Statement of Claim and other enclosures, in separate envelopes to each of the Lefkowitzes. On October 10, 1990, both of those second letters sent by ordinary mail were returned to Leight by the Postal Service marked "Refused."

All of the envelopes were returned to Leight unopened, and marked either "Refused" or "Unclaimed."

On October 24, 1990, the day of the scheduled hearing in Municipal Court, Leight took judgment by default in the sum of $4,075.89 plus costs ($39.70) against the Lefkowitzes. The default judgment was supported by an Affidavit of Service reciting the above-stated facts.

Following notice of the entry of default judgment pursuant to Phila.M.C.R.Civ.P. No. 122(a), the Lefkowitzes filed a timely Petition to Open Judgment, alleging that they had never been served with the Complaint, did not know about any lawsuit, and did not know to appear for any hearing on October 24, 1990. The Municipal Court denied the petition to open. Appeal was taken to the Court of Common Pleas. Depositions were taken. On July 17, 1991, the petition to reverse the decision of the Municipal Court and to open judgment was dismissed by the Court of Common Pleas, prompting the within appeal.

All of the proceedings leading up to the entry of default judgment in the Municipal Court depend upon proper compliance with the Rules of Civil Procedure adopted by that court. We find both Rules 111 and 120 to be implicated in this case. In pertinent part, Rule 111 provides:

Rule 111. Service of Complaints, Non–Execution Process and other Documents

A. Except as provided in below, complaints and writs of revival shall be served in the same manner as original process filed in the Court of Common Pleas and may be served by writ servers in Philadelphia or by Pennsylvania constable of a county outside Philadelphia.....

B. ....

C. (1) A complaint may be served by certified mail if defendant's last known address is a post office box, or outside the County of Philadelphia, or if a writ server has returned the complaint without being able to serve the same.....

(2) If the certified mail is returned with notation by the postal authorities that it was refused or unclaimed, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by first class mail with the return address of sender appearing thereon. **Service by ordinary mail is complete if the mail is not returned to sender within fifteen days after mailing, or by the date of trial, whichever is later.** Service by certified mail and first class mail may be made at the same time. (Emphasis added).

The trial court, in dismissing the petition to open judgment, declared without citation to any authority that "[i]t is axiomatic that defendants cannot repeatedly and intentionally refuse to accept service and then claim they did not receive proper service." Opinion, Nigro, J., filed January 28, 1992, p. 3. We are constrained to disagree. The words of Rule 111 are too clear to admit of any confusion. Rule 111(c)(1) sets forth exactly how service by certified mail shall be accomplished. Where the certified mail is returned unclaimed, as is the admitted case here, the plaintiff then is afforded the right of service by ordinary mail under Section (c)(2).

■ The emphasized sentence contained in Section (c)(2), above, provides for the only circumstances in which service by ordinary mail is complete. It can admit of only one interpretation: When ordinary mail is returned to the sender either (a) within fifteen days after mailing or (b) by the date of trial,

whichever is later, service is *not* complete. This is so because service *is* complete under the Rule *only where neither of those two contingencies occur.* The Affidavit of Service filed by Leight in this case establishes that the first pieces of ordinary mail were sent on September 19, 1990, and returned on October 4, 1990, a return date that is both within fifteen days and prior to the trial date of October 24, 1990. By the same token, the letters sent by ordinary mail on October 6, 1990, were both returned marked "refused" on October 10, 1990, both well within fifteen days and also prior to the October 24th trial date.

We cannot ignore the beginning provisions of Rule 111 which expressly provide for the service of complaints "in the same manner as original process filed in the Court of Common Pleas." Phila.M.C.R.Civ.P. No. 111.A. Service on the Lefkowitzes could have been effected by a deputized sheriff in Bucks County, if service were attempted at their residence in Bensalem, or on Mr. Lefkowitz by the Philadelphia sheriff at Lefkowitz' office on Frankford Avenue within Philadelphia County. *See* Pa.R.C.P. 400(a) and (d), 402(a).

■ These provisions for regular service under the Pennsylvania Rules of Civil Procedure are important in demonstrating that, in the case now before us, the plaintiff, Leight, was not without alternative means of pursuing his claim. As disappointing and uncooperative as the Lefkowitzes' acts of refusing service may have been in the eyes of Leight, we are not free to misconstrue the burden which has always been on a party seeking to bring an action. It is the *plaintiff* who must prove service by her, or his, affirmative acts, and not the defendant by her acts of omission or rejection.

The trial court cites to only two cases in affirming the order denying the opening of judgment. It relies upon *Harris v. Kaulius,* 18 Pa.D. & C.3d 636 (1981) for the proposition that a refusal to accept a letter may constitute sufficient evidence of service of original process since a refusal is an intentional action by the defendant. In *Kaulius,* the court granted a petition to strike a judgment upon its conclusion that the designation "unclaimed" upon a letter returned by the Postal Service did not satisfy the requirement of "refused" contained

in Pa.R.C.P. 2079 [service in actions against persons outside the Commonwealth, since rescinded], where the Rule provided for the right of service by ordinary mail "[i]f the letter is returned ... with notation ... that the defendant refused to accept the letter." In relevant part, the Honorable Robert A. Freedberg observed, in *Kaulius:*

> We agree with defendant that the notation of the postal authorities, to the effect that the letter was "unclaimed," as opposed to "refused," is insufficient to authorize service by ordinary mail pursuant to the cited rule. While a refusal to accept the letter may constitute sufficient evidence of service, we believe that a mere failure to claim a letter cannot be treated in the same fashion.

*Harris v. Kaulius, supra* at 639. Even if a "refusal" had been found in *Kaulius,* the most to which the plaintiff would have been entitled under the rule there at issue would have been the right to attempt alternative service by ordinary mail. The plaintiff would not have been entitled to a finding that service had been completed.

In addition to the dictum in *Kaulius,* the trial court relies upon *Commonwealth ex rel. McKinney v. McKinney,* 476 Pa. 1, 381 A.2d 453 (1977) for the proposition that "service of original process cannot be negated by refusing to accept papers." That case, like *Kaulius,* is inapposite. In *McKinney,* our Supreme Court was called upon to consider whether jurisdiction could be exercised over a father in an interstate custody dispute, where service of a writ of habeas corpus upon the father had been attempted by the sheriff by handing the writ to the father's wife, the child's stepmother, who refused service. In *McKinney,* the majority assumed that there was no return of service by the sheriff. The *McKinney* majority stated that the absence of a return is not conclusive of non-service upon a court which hears facts establishing the validity of the service. *McKinney, supra,* 476 Pa. at 6, 381 A.2d at 455. The stepmother testified to having refused to accept the writ while having full knowledge of its contents, which information was given to her husband, the father. The father and child moved away, to an unspecified location in a neighboring

state, within twenty-four hours after the attempted service of the writ. Speaking for four of the justices in an Opinion in Support of Per Curiam Order, Justice Packel announced that there was no serious question as to the husband having been given notice, and that the "reasonableness of the steps taken to give notice to the father is unquestionable." *Id.*, 476 Pa. at 6, 381 A.2d at 455.

In a well-reasoned concurring and dissenting opinion, then–Justice (now Chief Justice) Nix, argued that a sheriff's return, when full and complete on its face, must be conclusive and immune from attack, *citing Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965). Justice Nix would have found error in the trial court having permitted extrinsic evidence by the stepmother-wife indicating that she informed the father-husband of the writ, where the sheriff's return set forth: "Unable to serve [Father] after numerous tries." *McKinney, supra* 476 Pa. at 10–11, 381 A.2d at 457–58.

In the case now before us, the trial court ordered that depositions be taken "on disputed issues of fact on service and acceptance of service/receipt of process." Order, D'Alessandro, J., March 20, 1991, filed March 22, 1991. We find nothing in Phila.M.C.R.Civ.P. No. 111 or in the certified record of this case to justify deposition testimony. It is clear and undisputed that the attempted service by certified mail was incomplete, since in each case, the letters were returned marked "Unclaimed." It is equally clear that the service by ordinary mail, pursuant to Rule 111.C.(2), was incomplete, since each of the letters sent by ordinary mail were returned to the sender marked "Refused" within fifteen days of mailing and prior to the hearing on October 24, 1990.

Where service pursuant to Rule 111.C.(1) and (2) cannot be effected, the rule is very clear as to what steps a plaintiff must then take. Section 111.A. requires that, when service is not completed under subsection C, "complaints and writs or revival *shall* be served in the same manner as original process filed in the Court of Common Pleas." (emphasis added). Leight, the plaintiff, did not even attempt to do this.

■ The default judgment was entered presumably due to the Lefkowitzes failure to appear at the hearing scheduled for October 24, 1990. There is absolutely nothing in the record to support a finding that the defendants had any actual knowledge that a hearing would be held on October 24, 1990. The defendants are being punished, *not* for failure to appear at a hearing about which they had no knowledge but rather, for having refused to accept delivery of certain pieces of certified and regular mail. We are unaware of any statute or case law, and the plaintiff/appellee has not referred us to any, which makes the intentional refusal to accept pieces of mail from the United States Postal Service appropriate grounds for imposing a default judgment.

■ Because we conclude that service was not completed, we must also find that the Rules of the Municipal Court expressly prohibit the entry of a default judgment. Phila.M.C.R.Civ.P. No. 120 provides, in pertinent part:

Rule 120.   Dismissals—Failure to Appear.

a.   The Court shall mark the claim "No Service—Dismissed without Prejudice" against any defendant who is not served.

The default judgment entered October 24, 1990, depended solely upon the Affidavit of Service sworn to by Leight's counsel on October 18, 1990, and filed of record on October 29, 1990. On its face, it is clear that service had not been completed. There was only one ministerial act that could have been properly taken, based upon that affidavit. Pursuant to Rule 120.a., the claim should have been marked "No Service— Dismissed without Prejudice." Thereafter, the plaintiff would have remained free to effect service pursuant to Pa.R.C.P. 400(a) and (d), and 402(a).

Because service had not been completed, the Lefkowitzes were clearly entitled to have the judgment opened. The trial court's denial of that petition to open was error, as a matter of law. Accordingly, we reverse and remand with directions that the judgment be opened and the claim be marked "Dismissed

without Prejudice" due to a lack of service upon the defendants.

Order reversed and remanded with directions.   Jurisdiction relinquished.