689 A.2d 972

**Angelina SILER, Appellant,**

v.

**Khan Alam KHAN, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1996.

Filed March 3, 1997.

Chester S. Tintenfass, Philadelphia, for appellant.

Mark L. Parisi, Philadelphia, for appellee.

Before CIRILLO, DEL SOLE and OLSZEWSKI, JJ.

DEL SOLE, Judge.

This is an appeal from an order granting Summary Judgment to Appellee-defendant after finding that the Appellant failed to timely serve the defendant within the applicable Statute of Limitations. Because Appellant made a good faith effort to timely serve an out-of-state defendant, we conclude that the trial court erred and that the Summary Judgment order must be reversed, allowing the case to proceed.

The instant case arose out of a car accident which occurred on October 19, 1992. A police report was prepared which included information gathered from Appellee's Maryland driver's license including an address in Maryland. Appellant commenced suit by filing a writ of summons on September 20, 1994, and a Complaint was filed on November 30, 1994. On December 2, 1994 the time-stamped Complaint together with the Writ were mailed to Appellee at the Maryland address by certified mail, return receipt requested, and regular first class mail. The documents were returned stamped "Returned To Sender Forwarding Order Expired." Other efforts at service were attempted including a mailing to Appellee's insurance company on December 29, 1994. Appellant's attempt to learn of Appellee's whereabouts through a request to the Postmaster under the Freedom of Information Act, resulted in a response, "Moved, left no forwarding address." Further attempts at service were made by means of another mailing and posting at the Maryland address in March 1995, and with a mailing in June, 1995 to Appellee's insurance carrier. Appellee was not successfully served until November 16, 1995, when he was served in person at his place of employment in Philadelphia, Pennsylvania.

The trial court found that since the mailing to the Maryland address did not occur within 30 days from the issuance of the

writ and since service was not perfected within that time period, that the service was untimely and that an award of summary judgment was appropriate. The court specifically held that Pa.R.C.P. 404, relating to the service of out-of-state defendants cannot "extend the time to make service beyond the statute of limitations." The trial court clearly misinterpreted Rule 404, since it does permit service to be made outside this Commonwealth within ninety days of the issuance of a writ, unlike service within the Commonwealth, which must occur within thirty days after the issuance of a writ. See Pa.R.C.P. 401(a).

■ The rules of civil procedure allow for the commencement of an action by the filing of either a praecipe for writ of summons or a complaint. Pa.R.C.P. Rule 1007. Such action tolls the running of the statute of limitations, however it is incumbent upon a plaintiff to attempt to effectuate service on the defendant in a timely manner. *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). The rules also direct that original process is to be served "within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. 401(a). However, there is a separate rule governing the service of out-of-state defendants. Rule 404 provides: "Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint ..." Thus, the trial court was incorrect in concluding that Appellant did not have 90 days, following the issuance of the writ, to attempt service. The filing of the writ tolls the statute of limitations provided the plaintiff makes a good faith effort during the life of the process to effect service. Because service was being attempted on an out-of-state defendant, Appellee had 90 days to attempt such service, unlike the 30 day period allotted for service within the Commonwealth.

The Pennsylvania Supreme Court in *Lamp v. Heyman*, directed that writs of summons are to remain effective to commence an action only if the plaintiff "refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 478, 366 A.2d at

889. This case and its progeny, "has been interpreted ... as requiring a good faith effort on the part of a plaintiff in securing service of notice. *See Farinacci v. Beaver County Industrial Development,* 510 Pa. 589, 511 A.2d 757 (1986)." *Fulco v. Shaffer,* 455 Pa.Super. 30, 686 A.2d 1330 (1996).

 In this case Appellee argues that Appellant failed to make such a good faith effort because he should have made further inquiries to determine if Appellee still resided at the Maryland address before it attempted service at that address. We find that where a plaintiff seeks to serve a defendant at an address the defendant provided to the police when making their report, the plaintiff has made a good faith effort at service.

Service outside this Commonwealth can be effectuated by mail in a form which requires a signed receipt. See Pa.R.C.P. Rule, 404(2) and 403. In this case, Appellant attempted to serve the defendant by registered mail, return receipt requested, at the address provided by defendant to police during the making of a police report. Under these circumstances, we find that Appellant made a good faith effort at service. The fact that the defendant moved from this address and had left a forwarding address which expired, does not alter our conclusion. Appellant's good faith efforts at service continued in this case, until service was ultimately made in November of 1995. Our supreme court's directive in *Lamp v. Heyman, supra,* does not require service to be made during the life of the process, it only requires that a good faith effort at service be made.

Appellant's actions in this case cannot be said to have been an effort at stalling the legal machinery, rather we find they were a good faith effort at service, and that this case should proceed for that reason.

Summary Judgment reversed. Case remanded for further proceedings.