**Rudolph RAMSAY, Appellee,**

v.

**Renold PIERRE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 2003.
Filed April 15, 2003.

Alex H. Pierre, Philadelphia, for appellant.

Virginia M. Dias, Glen Mills, for appellee.

Before: KLEIN and BOWES, JJ. and McEWEN, P.J.E.

BOWES, J.

¶ 1 Appellant, Renold Pierre, appeals from the judgment entered July 30, 2002, on the verdict of $3,595.68. We affirm.

¶ 2 The facts of record are as follows. On January 7, 1998, Appellant collided with a parked vehicle owned by Appellee, Rudolph Ramsay. Appellant was operating an uninsured vehicle owned by his wife, Lisette Voltaire. Appellee had parked his vehicle, a 1987 Buick Skylark, on the right shoulder of the southbound lane of Concourse Drive in Philadelphia County to await his daughter's return from jogging in a nearby park. While driving north on Concourse Drive, Appellant ap-

plied his breaks to avoid a collision with the vehicle in front of him, which caused his vehicle to veer to the left, cross the southbound lane, and collide with Appellee's vehicle. Appellee's vehicle sustained severe damage but neither party was injured physically.

¶ 3 This subrogation action was instituted by Appellee on behalf of his insurance carrier, Erie Insurance Group, ("Erie"). Appellee presented the following evidence in support of his claim. Erie declared the vehicle a total loss and paid Appellee $2,284.68 for the value of the vehicle. Appellee was responsible for a $500.00 deductible under the terms of the insurance policy. In addition, Erie paid Tri-state Auto Auction $811.00 for towing and storage of the vehicle. Based on this evidence, the trial court, sitting without a jury awarded Appellee a sum totaling $3,595.68. Appellant filed post-trial motions which the trial court denied. This appeal followed.

¶ 4 On appeal, Appellant asserts that the trial court committed an abuse of discretion in denying Appellant's preliminary objections in which he alleged a lack of personal jurisdiction by reason of improper service. Similarly, Appellant contends that the trial court erred in denying his motion for summary judgment based on Appellee's failure to toll the statute of limitations. Finally, Appellant argues that the municipal court violated the doctrine of the law of the case by permitting alternate service after it previously dismissed the action.

¶ 5 Since Appellant's arguments all relate to the action's procedural posture, we begin with an overview of the procedural history. On January 4, 2000, three days before the running of the two-year statute of limitations,[1] Appellee commenced this

---

1. An action to recover for property damage must be commenced within two years. See 42 Pa.C.S. § 5524(3).

action in the Philadelphia Municipal Court by civil complaint for property damage. Appellee attempted, without success, to serve Appellant at 6323 Callowhill Street, Philadelphia, Appellant's last-known address. On February 15, 2000, the municipal court dismissed the action without prejudice for "No Service." Thereafter, on February 24, 2000, Appellee was informed by the U.S. Postmaster that Appellant resided at 7120 Penarth Avenue, Upper Darby, Pennsylvania. Appellee caused the matter to be re-listed for trial on May 24, 2000, and enlisted the assistance of a constable to attempt service upon Appellant at the new address; however, the constable returned service with the notation "Not Found." Again, the claim was dismissed for "No Service."

¶ 6 On July 26, 2000, Appellee made a second request for information from the U.S. Postmaster, and on August 2, 2000, he was informed that Appellant still received mail at 7120 Penarth Avenue. Thereafter, Appellee applied for alternate service of the complaint. On September 26, 2000, the Municipal Court granted alternate service of the complaint by certified mail, return receipt requested and by first class mail with a certificate of mailing. Finally, on October 5, 2000, Appellee caused alternate service upon Appellant at 7120 Penarth Avenue. On November 11, 2000, Appellee received a return receipt executed by Appellant.

¶ 7 Having effected service, the municipal court listed the matter for trial on December 8, 2000. Prior to trial, Appellant filed objections to the complaint wherein he asserted that the court was without personal jurisdiction for improper service and that Appellee failed to toll the statute of limitations. The municipal court overruled the objections. Similarly, the municipal court denied Appellant's subsequent motion for summary judgment, in which he argued that Appellee had failed to toll the statute of limitations. Following the April 10, 2001 trial, the municipal court entered an award for Appellee in the amount $2,876 plus court costs of $65.50.

¶ 8 Appellant filed a *de novo* appeal to the common pleas court. After Appellee filed a complaint with the trial court, Appellant filed preliminary objections raising improper service and the expiration of the statute of limitations. The trial court denied the objections. Thereafter, Appellant filed new matter asserting, *inter alia*, the statute of limitations as an affirmative defense. Subsequently, Appellant moved for summary judgment on the basis of the statute of limitations. The trial court denied the motion, and consequently, the parties tried the case as discussed *supra*.

█ ¶ 9 Appellant's first argument concerns the trial court's denial of Appellant's preliminary objections challenging the court's personal jurisdiction based on the assertions that Appellee delayed serving the complaint beyond the statute of limitations[2] and failed to deputize a Delaware County Sheriff to effect service.

█ ¶ 10 We review the denial of preliminary objections challenging personal jurisdiction to determine whether the record evidence fairly supports the trial

---

**2.** We note that the statute of limitations must be pleaded as new matter. *Blair v. Guthrie Development Corp.*, 305 Pa.Super. 292, 451 A.2d 537 (1982). Thus, to the extent Appellant's preliminary objections purported to raise the statute of limitations as a defense to bar the action, the preliminary objection properly was overruled because it provided no basis for dismissing the complaint. *Id.* However, since Appellant pleaded the statute of limitations in his new matter, raised the defense in a subsequent motion for summary judgment, and now asserts error in the trial court's denial of his motion, we address the merits of that argument *infra*.

court's disposition. *Barr v. Barr,* 749 A.2d 992 (Pa.Super.2000). Regardless of whether the action is commenced by writ of summons or where, as here, the action is commenced by a complaint, service of process is essential to commencing the action. Proper service is a prerequisite to a court acquiring personal jurisdiction over a defendant. *Cintas Corporation v. Lee's Cleaning Services, Inc.,* 549 Pa. 84, 700 A.2d 915 (1997).

¶ 11 For the following reasons, we conclude that the record supports the trial court's denial of Appellant's preliminary objections. As the action originated in the Philadelphia Municipal Court, we must examine the propriety of service in light of the rules employed by that court. *See Leight v. Lefkowitz,* 419 Pa.Super. 502, 615 A.2d 751 (1992) (Philadelphia Municipal Court Rule of Civil Procedure controls whether service of process is proper when complaint is filed in that court).

¶ 12 Philadelphia Municipal Court Rule of Civil Procedure 111 provides, in pertinent part, as follows:

**Rule 111. Service of Complaints, Non–Execution Process, Petitions and Other Documents**
A. Except as provided below, complaints and writs of revival shall be served in the same manner as original process filed in the Court of Common Pleas and may be served in Philadelphia by writ servers appointed by the President Judge of the Municipal Court and in counties outside Philadelphia by said writ servers or by Pennsylvania constables.

. . . .

C. (1) A complaint may be served by certified mail if defendant's last known address is a post office box, or outside the County of Philadelphia, or if a writ server has returned the complaint without being able to serve the same. The return receipt card for certified mail shall be marked to show to whom and when delivered and shall show the signature of the defendant or an agent of the defendant authorized to receive the certified mail of defendant. If the signature on the return receipt is that of a person other than the defendant, it shall be presumed, unless the contrary is shown, that the signer was an agent of the defendant authorized to receive the certified mail of defendant.

(2) If the certified mail is returned with notation by the postal authorities that it was refused or unclaimed, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by first class mail with the return address of sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to sender within fifteen days after mailing, or by the date of trial, whichever is later. Service by certified mail and first class mail may be made at the same time.

(3) A return of service by mail shall be by affidavit in accordance with Pa. R.C.P. 405.

. . . .

Phila.M.C.R.Civ.P. 111, 42 Pa.C.S.

¶ 13 Thus, pursuant to Rule 111, service of process can be effected within Philadelphia by a writ server or outside the city by writ servers or constables. In addition, the rules provide for alternate service outside of Philadelphia County without enlisting the assistance of the sheriff of the county in which service is sought. A complaint may be served by regular and certified mail, return receipt requested, if a writ server has returned the complaint without service or where the last known address is outside Philadelphia County. *Id.* If the complaint is returned without

service, the action is dismissed without prejudice and may be re-listed at a later date. *See* Phila.M.C.R.Civ.P. 120.

¶ 14 Herein, Appellee initiated the action by filing a complaint in the municipal court on January 4, 2000, three days prior to the expiration of the applicable statute of limitations. The writ server could not effect service at Appellant's last known address and returned the writ marked "No Service" on February 14, 2000. After obtaining Appellant's new address, Appellee re-listed the action and employed a constable to attempt to effect service at 7120 Penarth Avenue in Upper Darby, Delaware County. Again, the writ was returned. After verifying Appellant's address, Appellee obtained leave to effect alternate service via first class mail and certified mail, return receipt requested, pursuant to Rule 111(c). Upon receiving the certified mail, Appellant executed the return receipt. As the record demonstrates, Appellee complied fully with the applicable rules of procedure. Thus, the record supports the trial court's decision to overrule Appellant's preliminary objection.

¶ 15 Next, Appellant argues that the trial court erred in denying his motion for summary judgment based on the defense that the action was time-barred pursuant to the applicable statute of limitations. We review the trial court's denial of summary judgment for an abuse of discretion or error of law. *Bordlemay ex rel. Estate of Bordlemay v. Keystone Health Plans, Inc.,* 789 A.2d 748 (Pa.Super.2001).

¶ 16 Pennsylvania jurisprudence requires plaintiffs to effectuate notice of commencement of their actions. Through *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976),[3] and its progeny, Pennsylvania

has adopted a rule requiring a plaintiff to make a good-faith attempt to effect service of process in a timely manner where an action is commenced prior to the running of the statute of limitations but service does not occur until after the expiration of the statutory period. *See Schriver v. Mazziotti,* 432 Pa.Super. 276, 638 A.2d 224 (1994); *Siler v. Khan,* 456 Pa.Super. 177, 689 A.2d 972 (1997) (filing complaint tolls statute of limitations, provided that plaintiff attempts to effect service in timely manner). What constitutes a good-faith effort is assessed on a case-by-case basis. *Moses v. T.N.T. Red Star Express,* 725 A.2d 792 (Pa.Super.1999). This Court explained the good-faith requirement as follows:

> [I]t is not necessary the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear.

*Rosenberg v. Nicholson,* 408 Pa.Super. 502, 597 A.2d 145, 148 (1991) (citations omitted).

¶ 17 Although no single factor is dispositive of our determination, one consideration is whether a plaintiff complied with the applicable rules of procedure. *Moses, supra.* Instantly, the record indicates that Appellant did not engage in any particular conduct that could be described as serving to stall the legal machinery. Indeed, Appellee complied with the applicable rules of procedure in initiating this action. Appellee immediately attempted to serve Appellant by sending a writ server to Appellant's last known address within Philadelphia. After the writ was

---

**3.** As discussed in more detail in the text *infra,* we note that *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079 (2001), is a plurality decision, and a thorough reading of the three writings filed in that case indicate that *Lamp* has continued viability.

returned without service, and on the same day the action was dismissed without prejudice from municipal court, Appellee enlisted the aid of the postmaster to obtain Appellant's present mailing address. After receiving the updated address information, Appellee re-listed the matter for trial and procured a Pennsylvania constable to serve the complaint upon Appellant at his Upper Darby address. Following three unsuccessful attempts to effect service at the Upper Darby address and a second request to the postmaster, Appellee applied to the court for alternate service at the Upper Darby address. Thus, the record demonstrates that Appellant took affirmative action to effect service in accordance with the applicable rules of procedure.

¶ 18 In addition, timeliness is a factor to be considered in the good-faith analysis. *See Bigansky v. Thomas Jefferson University Hospital,* 442 Pa.Super. 69, 658 A.2d 423 (1995) (two-year period between filing of writ and service was unreasonable and demonstrated lack of good faith); *Cf. Shackelford v. Chester County Hospital,* 456 Pa.Super. 356, 690 A.2d 732 (1997) (twelve-month period between filing of writ and service was reasonable in light of plaintiff's five attempts to serve defendant). Herein, Appellant contends that Appellee failed to obtain service in a timely manner, and as such, his actions were designed to stall the legal machinery. For the following reasons, we disagree.

¶ 19 At the outset, we note that Appellant erroneously relies on *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079 (2001), for the proposition that if service of process cannot be made prior to the expiration of the statute of limitations, "process must be immediately and continually reissued until service is made." *Id.* at 397–98, 768 A.2d at 1084. As a plurality decision, *Witherspoon* lacks precedential

value. *See In the Interest of O.A.,* 552 Pa. 666, 676, 717 A.2d 490, 496 n. 4 (1998) (legal conclusions or reasoning employed in plurality opinion are not binding authority).

¶ 20 The portion of *Witherspoon* that mandates an immediate and continual re-issuance of the writ of summons has the backing of its author, former Chief Justice, then Justice Stephen A. Zappala, and only former Chief Justice John P. Flaherty, Jr. Justice Sandra Schultz Newman and present Chief Justice Ralph J. Cappy dissented outright, and three justices, Justice Thomas G. Saylor, Justice Ronald D. Castille, and Justice Russell M. Nigro, concurred in the result. The concurring justices agreed that under the facts of that case, the plaintiff did not demonstrate good faith under *Lamp,* but did not join in the portion of Justice Zappala's holding that the statute of limitations is tolled only by an immediate and repeated re-issuance of the writ of summons. Therefore, *Witherspoon* serves only to re-validate the present requirement of a good-faith effort to effect service and *Lamp's* continued precedential value.

¶ 21 In light of the action's procedural history, the focus of our review is the nine-month period between the date Appellee filed the complaint and the date he eventually effected service. Appellee's overall conduct unequivocally establishes his good-faith attempt to effect service. Appellee did not attempt to prevent service, thwart the progress of the lawsuit, or stall the legal machinery. Instead, Appellee attempted to achieve service repeatedly throughout the nine-month period. In addition, he did not sit idly or disregard his duty to ascertain Appellant's whereabouts after the complaint was returned without service. Indeed, Appellant was unable to effectuate service on the elusive Appellant despite the postmaster twice indicating the correct address. In light of these facts,

we cannot find the nine-month period to be unreasonable. *See Shackelford, supra.*

■ ¶ 22 Finally, Appellant invokes the law-of-the-case doctrine. One aspect of this doctrine, identified as the coordinate jurisdiction rule, prevents a court from addressing an issue that previously was resolved by a court of concurrent jurisdiction *Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326 (1995). Instantly, no court addressed an issue resolved previously by a court of concurrent jurisdiction; thus, Appellant's argument patently is meritless.

■ ¶ 23 Although Appellant seeks to avail himself of a municipal court order dismissing with prejudice Appellee's complaint for lack of service, the certified record is devoid of the purported order dismissing the complaint with prejudice. Apparently acknowledging this hurdle, Appellant argues that the February, 2000 dismissal **should have been** with prejudice because Appellee did not adduce evidence of a good-faith effort to serve the complaint and failed to revive the complaint after thirty days without effecting service. However, this argument has no consequence upon the coordinate jurisdiction rule. Appellant concedes that on February 15, 2000, "the Municipal Court dismissed the small claim **without prejudice** for 'No Service'" pursuant to Rule 120. Appellant's brief at 2 (emphasis added). Without an order dismissing the action with prejudice, there is no issue with respect to the coordinate jurisdiction rule where the municipal court subsequently allowed Appellee to effect service of process on the same action through alternate procedures.

¶ 24 Judgment affirmed.