J-S03014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RAYMOND RONK AND MELISSA BENSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JUDITH ISRAEL | |
| Appellee | No. 1099 WDA 2016 |

Appeal from the Order June 27, 2016
In the Court of Common Pleas of Blair County
Civil Division at No(s): 2013 GN 2650

BEFORE:  OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:              **FILED MARCH 17, 2017**

Appellants, Raymond Ronk and Melissa Benson, appeal from the order entered on June 27, 2016, granting a motion for summary judgment filed by Judith Israel (Israel).  Upon careful consideration, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

> This case involves a negligence action between former neighbors.  [Appellants] claim[ed] that on or about September 2, 2012, a fire originated at [Israel's] home located at 303 Lexington Avenue, Altoona, Blair County, Pennsylvania and spread to their residence located at 301 Lexington Avenue.  The [c]omplaint aver[red] that [Israel] failed to remove accumulated debris and rubbish from under an air conditioning unit.  [Appellants] claim[ed] that this underbrush caused the unit to malfunction and catch fire, allegedly spreading to [Israel's] home and in turn to [Appellants'] home.  Both homes were destroyed in the incident.

\*        \*        \*

* Retired Senior Judge assigned to the Superior Court.

[Appellants] commenced this action by filing a [p]raecipe for a [w]rit of [s]ummons on September 3, 2013. [The trial court] subsequently issued an [a]lternative [s]ervice [o]rder on April 16, 2014, directing [Appellants] to reinstate the [w]rit within fifteen days of the [o]rder and serve the [w]rit within thirty (30) days of reinstatement. [Appellants] filed a [p]raecipe to [r]einstate [w]rit of [s]ummons on May 1, 2014. [The trial court] issued another [a]lternative [s]ervice [o]rder on July 25, 2014, followed by an [a]mended [w]rit of [s]ummons on August 14, 2014, adding Melissa Benson as a [p]laintiff. [Appellants'] attorney, Michael B. Cohen, then delivered the [w]rit to the Blair County Sheriff's Department ("BCSD") on August 14, directing the Sheriff to serve [] Israel at [her former residence located at] 303 Lexington Avenue, Altoona, PA 16601. Deputy Markle of the BCSD then attempted to serve the [w]rit on September 2, 2014, only to find a vacant lot.

[Appellants] subsequently reinstated the [w]rit again on October 6, 2014 and November 10, 2014. On November 10, 2014, Attorney Cohen directed the BCSD to serve the [w]rit once more, this time upon Judith Kramer of 2217 10th Street, Altoona, PA 16601. On November 18, 2014, Attorney Cohen sent a facsimile to the BCSD, correcting [d]efendant's name from "Kramer" to "Israel." The BCSD subsequently made three unsuccessful attempts to serve the [w]rit at the 10th Street address on November 19, 20, and 21.

On March 11, 2015, [the trial court] issued another [a]lternative [s]ervice [o]rder, directing [Appellants] to reinstate the [w]rit within fifteen (15) days and serve the reinstated [w]rit within thirty (30) days. Eight days later, Attorney Cohen filed a [p]roof of [s]ervice with [the trial court], certifying that [Israel] picked up the [w]rit from the BCSD office on November 24, 2014. Attorney Cohen attached a [s]heriff's [r]eturn [p]rocess [r]eceipt to his correspondence, which indicates that [Israel] picked up the [w]rit on November 24, 2014.

Subsequently, [the trial court] issued a [w]rit [n]otice on July 20, 2015, directing [Appellants] to file their [c]omplaint within thirty (30) days. [Appellants] complied and filed

- 2 -

their [c]omplaint on August 17, 2015. Attorneys [Thomas] Birris and [Joseph] Lesinski entered their appearances on behalf of [Israel] on October 19, 2015. [The trial court] then issued a [d]efault [j]udgment [n]otice on October 27, 2015, advising [all] parties that [the trial court] had not received an answer and [Appellants] had not filed a praecipe for default judgment. [Israel] subsequently filed her [a]nswer on November 30, 2015.

[Israel] filed a [m]otion for [s]ummary [j]udgment and supplementing brief on March 10, 2016. According to [Israel], [Appellants] failed to meet the statute of limitations for [a] negligence claim. [Appellants] filed a [b]rief in [o]pposition on April 8, 2016.

Trial Court Opinion, 6/27/2016, at 1-3.

By order and accompanying opinion entered on June 27, 2016, the trial court granted Israel's motion for summary judgment. This timely appeal resulted.[1]

On appeal, Appellants present the following issue for our review:

I.     Did the trial court err in granting [Israel's] motion for summary judgment on the grounds that the action was barred by the applicable two-year statute of limitations?

Appellant's Brief at 7 (complete capitalization omitted).

Appellants recognize that "[a]n action or proceeding to recover damages for injury that is founded on negligent tortious conduct is subject to a two-year statute of limitations." *Id.* at 17, *citing* 42 Pa.C.S.A. § 5524.

_____

[1] Appellants filed a notice of appeal on July 27, 2016. On August 2, 2016, the trial court filed a letter with the Prothonotary indicating that it had received the notice of appeal and "stand[s] on the record." Trial Court Letter to Prothonotary, 8/2/2016, at 1.

Appellants argue that once they filed a praecipe for a writ of summons to commence the action and made a good faith effort to serve it, the statute of limitations was tolled. *Id.* More specifically, Appellants argue:

> an amended writ of summons was issued on August 15, 2014, eighteen (18) days before the running of the two-year statute of limitations period, and forwarded to the Sheriff for service on or about August 25, 2014. [T]his technically tolled the statute, extending the statute of limitations on their action for two years from the date of filing. The Sheriff attempted to serve the writ on [Israel] at her last known address, which turned out to be a vacant lot, and filed a return of no-service on or about September 5, 2014. [Appellants] subsequently reissued the writ on or about October 6, 2014. [Appellants] learned of [Israel's] current address on or about November 10, 2014, and reissued the writ on or about November 12, 2014. The Sheriff attempted to serve the writ at that address, unsuccessfully, on November 19, 20, and 21, 2014. Subsequently, on November 24, 2014, [Israel] came to the Sheriff's office and picked up the writ, herself. Thus, over a mere three (3) month time period, [Appellants] attempted to serve the writ four (4) times.

*Id.* at 22-23.

We have stated:

> our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so

clear that reasonable minds could not differ can a trial court properly enter summary judgment.

***Morgan v. Petroleum Products Equipment Co.***, 92 A.3d 823, 827 (Pa. Super. 2014) (internal citation and brackets omitted).

The applicable statute of limitations for actions to recover damages for negligence is two years. 42 Pa.C.S.A. § 5524(2). It is well-settled in this Commonwealth that

> service of original process completes the progression of events by which an action is commenced. Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service. What constitutes a "good faith" effort to serve legal process is a matter to be assessed on a case by case basis. Where noncompliance [] is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made.
>
> In making such a determination, we have explained:
>
>> It is not necessary that the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay[]. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient[]. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.
>
> Although there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable.

***Englert v. Fazio Mechanical Services, Inc.***, 932 A.2d 122, 124–125 (Pa. Super. 2007) (internal citations, quotations, and original brackets omitted).

We have reviewed the certified record, the parties' briefs, the relevant

law, and the trial court's opinion entered on June 27, 2016. The trial court largely relied on our decision in *Englert* to grant Israel's motion for summary judgment. As noted by the trial court, in *Englert*, the plaintiffs filed a writ of summons sixteen months after an automobile accident, the sheriff failed to deliver it because the defendant had moved, and plaintiffs filed a praecipe to reissue the writ of summons six days after the statute of limitations expired. The *Englert* Court affirmed the grant of summary judgment to the defendant because the plaintiffs failed to fulfill their good faith responsibility to see that service requirements were carried out.

Here, the trial court concluded:

> Similar to *Englert*, in the case at bar [Appellants] made only one attempt at service before the statute of limitations period expired and served the writ on a vacant lot. Before this attempt at service, [Appellants] took no action to determine whether [] Israel still lived at this address. [Appellants] did not present [the trial court] with any information regarding searches for [] Israel's new address. Much akin to the failure of the *Englert* plaintiffs, [Appellants] here failed to do any research before making a defective attempt at service. [Appellants] did not amend the writ of summons to include [] Israel's new address at 2217 10th Street until November 10, 2014, over two months **after** the limitations period ran. Based upon those entries in the record, the [trial court found] that [Appellants] made insufficient attempts to serve the writ of summons within the limitations period and failed to follow up their single attempt at service with prompt research regarding a good address for [Israel]. In combination with [Appellants'] continual reissuances of the writ of summons and failure to comply with the [trial court's] multiple [a]lternative [s]ervice [o]rders, [the trial court was] constrained to find that [Appellants] displayed an intent to stall the judicial machinery and, as such, [Appellants'] filing of the writ of summons did not toll the statute of limitations.

Trial Court Opinion, 6/27/2016, at 9 (emphasis in original).

The trial court opinion then distinguished and rejected the cases relied upon by Appellants, specifically, **McCreesh v. City of Philadelphia**, 888 A.2d 664 (Pa. 2005), **Shackelford v. Chester City Hospital**, 690 A.2d 732 (Pa. Super. 1997), and **Ramsay v. Pierre**, 822 A.2d 85 (Pa. Super. 2003). In **McCreesh**, the City of Philadelphia received actual notice of an action against it before the statute of limitations expired, even though service through certified mail was not the proper method. In **Shackelford**, five attempts at service (to the correct address) were made within two weeks of the issuance of the original writ; whereas, here Appellants waited until one year after the issuance of the original writ and sent service to a vacant lot. In **Ramsay**, the defendant was elusive, but plaintiff researched defendant's whereabouts, found two subsequent potential addresses, and moved for alternative service.

We conclude that there has been no error or abuse of discretion in this case and that the June 27, 2016 opinion meticulously, thoroughly, and accurately disposes of Appellants' issue on appeal. Therefore, we affirm on the basis of the trial court's opinion and adopt it as our own. Because we have adopted the trial court's opinion, we direct the parties to include the trial court's opinion in all future filings relating to our examination of the merits of this appeal, as expressed herein.

Order affirmed.

Judge Solano joins this memorandum.

Judge Strassburger files a Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2017

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

RAYMOND RONK and MELISSA : 
BENSON, : 2013 GN 2650
         PLAINTIFFS :
         :
         :
v. :
         :
JUDITH ISRAEL, :
         DEFENDANT :

HON. TIMOTHY M. SULLIVAN          PRESIDING JUDGE

MICHAEL B. COHEN, ESQUIRE         COUNSEL FOR PLAINTIFFS

THOMAS P. BIRRIS, ESQUIRE
JOSEPH V. LESINSKI, ESQUIRE        COUNSEL FOR DEFENDANT

## OPINION and ORDER

Now before the Court is Defendant **Judith Israel's** Motion for Summary Judgment. For the reasons stated herein, we hereby **grant** the motion and enter summary judgment in favor of Defendant.

### FACTUAL HISTORY:

This case involves a negligence claim between former neighbors. Plaintiffs **Raymond Ronk** and **Melissa Benson** claim that on or about September 2, 2012, a fire originated at Defendant's home located at 303 Lexington Avenue, Altoona, Blair County, Pennsylvania and spread to their residence located at 301 Lexington Avenue. The Complaint avers that Defendant failed to remove accumulated debris and rubbish from under an air conditioning unit. Plaintiff claims that this underbrush caused the unit to malfunction and catch fire, allegedly spreading to Defendant's home and in turn to Plaintiffs' home. Both homes were destroyed in the incident.

1

## *PROCEDURAL HISTORY*:

Plaintiffs commenced this action by filing a Praecipe for a Writ of Summons on September 3, 2013. This Court subsequently issued an Alternative Service Order on April 16, 2014, directing Plaintiffs to reinstate the Writ within fifteen (15) days of the Order and serve the Writ within thirty (30) days of reinstatement. Plaintiffs filed a Praecipe to Reinstate Writ of Summons on May 1, 2014. This Court issued another Alternative Service Order on July 16, 2014, directing Plaintiffs to take action in the same manner as prescribed in the prior Order of Court. Plaintiffs filed another Praecipe to Reinstate Writ of Summons on July 25, 2014, followed by an Amended Writ of Summons on August 14, 2014, adding Melissa Benson as a Plaintiff. Plaintiffs' attorney, Michael B. Cohen, then delivered the Writ to the Blair County Sheriff's Department ("BCSD") on August 14, directing the Sheriff to serve Defendant Judith Israel at 303 Lexington Avenue, Altoona, PA 16601. Deputy Mearkle of the BCSD then attempted to serve the Writ on September 2, 2014, only to find a vacant lot.

Plaintiffs subsequently reinstated the Writ again on October 6, 2014 and November 10, 2014. On November 10, 2014, Attorney Cohen directed the BCSD to serve the Writ once more, this time upon Judith Kramer of 2217 10th Street, Altoona, PA 16601. On November 18, 2014, Attorney Cohen sent a facsimile to the BCSD, correcting Defendant's last name from "Kramer" to "Israel." The BCSD subsequently made three unsuccessful attempts to serve the Writ at the 10th Street address on November 19, 20, and 21.

2

On March 11, 2015, this Court issued another Alternative Service Order, directing Plaintiffs to reinstate the Writ within fifteen (15) days and serve the reinstated Writ within thirty (30) days. Eight days later, Attorney Cohen filed a Proof of Service with the Court, certifying that Defendant picked up the Writ from the BCSD office on November 24, 2014. Attorney Cohen attached a Sheriff's Return Process Receipt to his correspondence, which indicates that Defendant picked up the Writ on November 24, 2014.

Subsequently, this Court issued a Writ Notice on July 20, 2015, directing Plaintiffs to file their Complaint within thirty (30) days. Plaintiffs complied and filed their Complaint on August 17, 2015. Attorneys Birris and Lesinski entered their appearances on behalf of Defendant on October 19, 2015. This Court then issued a Default Judgment Notice on October 27, 2015, advising both parties that this Court had not received an answer and Plaintiffs had not filed a praecipe for default judgment. Defendant subsequently filed her Answer on November 30, 2015.

Defendant filed a Motion for Summary Judgment and supplementing brief on March 10, 2016. According to Defendant, Plaintiff failed to meet the statute of limitations for his negligence claim. Plaintiff filed a Brief in Opposition on April 8, 2016. The matter is now ripe before the Court and we proceed to disposition.

## *APPLICABLE LAW:*

The filing of a Motion for Summary Judgment is governed by **Pa. R.C.P. 1035.2**: After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which, in a jury trial, would require the issue to be submitted to a jury.

The party who brings the motion has the burden of proving that no genuine issue of fact exists. All doubts as to the existence of a genuine issue of material fact are to be resolved against the granting of summary judgment. *Penn Center House Inc. v. Hoffman*, 553 A.2d 900, 903 (Pa. 1989). The ultimate inquiry in deciding a Motion for Summary Judgment is whether the admissible evidence in the record, when considered in the light most favorable to the non-moving party, fails to establish a prima facie case. *Liles v. Balmer*, 567 A.2d 691, 692 (Pa. Super. 1989). In deciding whether a prima facie case is established, the Court must resolve all doubts against the moving party. *Hayward v. Medical Center of Beaver Cnty.*, 608 A.2d 1040, 1042 (Pa. 1992).

4

An entry of summary judgment may be granted only in cases where the right is clear and free of doubt. *Musser v. Vismeier Auction Company Inc.*, 562 A.2d 279, 280 (Pa. 1989). The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *Davis v. Resources for Human Development, Inc.*, 770 A.2d 353, 357 (Pa. Super. 2001). It is the Court's function in a summary judgment to determine only if there is a genuine issue of material fact – not to determine the facts. *Washington Federal Savings and Loan v. Stein*, 515 A.2d 980, 981 (Pa. Super. 1986).

### DISCUSSION:

As a preliminary matter, the Court finds that the non-tolled statute of limitations expired September 2, 2014. Plaintiff's claim sounds in negligence and the appropriate statute of limitations is two years. **42 Pa. C.S.A. § 5524(2).**

Based upon the record of writs, reissuances, and attempts at service, Defendant argues that Plaintiffs failed to comply with the appropriate statute of limitations and the instant action should be dismissed. Defendant argues that Plaintiffs failure to attempt service and their one fruitless attempt at service before the running of the statute is not effective to toll the statute of limitations. According to Defendant, the first writ did not issue until September 3, 2013 and the first and only attempt at service before the run of the limitation period occurred in September 2014. Defendant states that this defective attempt at service does not toll the statute as Plaintiffs attempted to serve Defendant at a vacant lot. While Plaintiffs may have served Defendant in November 2014, Defendant argues that none of Plaintiffs actions tolled the statute and cites various case in law support of his position. Defendant believes that these failures both indicate an intent to

5

stall the judicial machinery Plaintiff put into process and prejudiced Defendant's ability to defend the claims.

Plaintiffs respond that their actions were sufficient to toll the statute of limitations. While Plaintiffs do not deny the timeline put forth in the factual history, *supra*, they argue that their efforts should be measured from reissuances of the writ rather than the original writ. In that context, Plaintiffs believe that their effort in delivering the writ to the BCSD in August 2014 and their attempts thereafter in November 2014 were sufficient to toll the statute of limitations. Plaintiffs cite a large amount of case law in support of their position.

Under Pennsylvania law, the filing of a writ of summons may be effective to toll the statute of limitations. *Lamp v. Heyman*, 366 A.2d 882, 888 (Pa. 1976). The *Lamp* rule does not allow plaintiffs "to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service." Id. Rather, "a writ of summons remain[s] effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." Id. at 889. In order to toll the limitations period, the plaintiff must demonstrate "a good faith effort to effectuate notice of commencement of the action." *Farinacci v. Beaver Cty. Indus. Dev. Auth.*, 511 A.2d 757, 759 (Pa. 1986).

After *Farinacci*, the Superior and Commonwealth Courts struggled to consistently apply the *Lamp* rule—some panels would require strict compliance with the Rules of Civil Procedure related to service of process and local practice in order to meet good faith, while others were more flexible, excusing plaintiffs' initial procedurally

6

defective service so long as the defendant had actual notice of the commencement of litigation and was not otherwise prejudiced. *McCreesh v. City of Philadelphia*, 888 A.2d 664, 666 (Pa. 2005). Thus, our Supreme Court clarified these issues in *McCreesh* by adopting the latter view, finding that rigid compliance with the Rules of Civil Procedure does not comport with *Lamp* nor the command of **Pa. R.C.P. 126** to "construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties. Id. at 674. Thus, the *Lamp* rule works to "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." Id. However, this ruling is tempered with the caveat that the *McCreesh* court intended to "merely reanimat[e] the purpose of *Lamp*." Id.

In the case at bar, Plaintiffs and Defendant both cite to a number of cases dealing with delay in service of a writ of summons. We find particularly instructive a Superior Court decision from 2007 which clarifies the scope of "good faith":

> It is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried may be sufficient to bring the rule in *Lamp* to bear. Thus, conduct that is unintentional that works to delay defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.
>
> *Englert v. Fazio Mechanical Servs., Inc.*, 932 A.2d 122, 124-25 (citation omitted) (quoting *Rosenberg v. Nicholson*, 597 A.2d 145, 148 (Pa. Super. 1991)).

*Englert*, as cited by Defendant, is instructive. There, the plaintiffs filed a writ of summons sixteen months after an automobile accident and delivered the writ to the sheriff for service. *Englert*, 932 A.2d at 123. Unfortunately, the defendants moved addresses nearly six months prior to the issuance of the writ. Id. The sheriff filed a

7

return of service one month after the service attempt, indicating that the defendants were not found because their address changed and listing the defendants' new address. Id. Plaintiffs' counsel "did not check the docket or contact the Sheriff's office to determine whether service of the original writ of summons had been made," instead waiting for the Sheriff's return by mail. Id. Plaintiffs' attorney never received this return however, as he moved offices and experienced failed mail deliveries as a result. Id. at 123-24. Five months later, the plaintiffs received a letter from defendants' liability carrier, stating that the statute of limitations would run in two weeks. Id. at 124. Thereafter, plaintiffs' counsel received a copy of the Sheriff's return via mail and filed a praecipe to reissue the writ of summons six days after the limitations period. Id.

The *Englert* affirmed the trial court's grant of summary judgment in favor of defendants. Id. at 128. The Court noted that plaintiffs provided an old address for defendants and when notified of the same, "failed to make an inquiry as to whether service of this writ had been effectuated." Id. The *Englert* court also noted that the defendants' insurance carrier provided plaintiffs notice two weeks in advance of the expiration of the limitations period. Id. The Court continued:

> We discern no abuse of discretion under the circumstances presented here, where [plaintiffs] took no action whatsoever once the writ was issued to ascertain whether service was properly made and relied instead on counsel's customary practice of waiting for word from the Sheriff's office, no matter how long that might take and in spite of the difficulties he had experience receiving his mail in a timely matter. [Plaintiffs'] conduct clearly amounted to "neglect . . . to fulfill the responsibility to see that requirements for service [were] carried out." [*Devine v. Hutt*, 863 A.2d 1160, 1168 (Pa. Super. 2004) (citation omitted).] In other words, [Plaintiffs'] inaction demonstrated an intent to stall the judicial machinery which was put into motion by the filing of the initial writ and simply cannot be excused. *McCreesh*, 888 A.2d at 674. Plaintiffs' contention that "[t]he filing of a praecipe for writ of summons and the delivery of the writ *one time* is all that

the law requires," . . . is, quite simply, contrary to the case law in this Commonwealth.

Id. at 126-27.

Finally, the *Englert* court commented that the plaintiffs failed to provide defendants with actual notice of the suit before the expiration of the limitations, providing only notice of the potential for litigation. Id. at 127.

The Court finds *Englert* nearly dispositive upon this Motion. Similar to *Englert*, in the case at bar Plaintiffs made only one attempt at service before the limitations period expired and served the writ on a vacant lot. Before this attempt at service, Plaintiffs took no action to determine whether Ms. Israel still lived at that address. Plaintiffs did not present this Court with any information regarding searches for Ms. Israel's new address. Much akin to the failure of the *Englert* plaintiffs, Plaintiffs here failed to do any research before making a defective attempt at service. Plaintiffs also did not amend the writ of summons to include Ms. Israel's new address at 2217 10th Street until November 10, 2014, over two months after the limitations period ran. Based upon those entries in the record, the Court finds that Plaintiffs made insufficient attempts to serve the writ of summons within the limitations period and failed to follow up their single attempt at service with prompt research regarding a good address for Defendant. In combination with Plaintiffs' continual reissuances of the writ of summons and failure to comply with the Court's multiple Alternative Service Orders, we are constrained to find that Plaintiffs displayed an intent to stall the judicial machinery and, as such, Plaintiffs' filing of the writ of summons did not toll the statute of limitations.

Plaintiff, in response to their compromised position, argue that *McCreesh* and two Superior Court decisions compel the tolling of the limitations period. This Court finds these cases inapposite to the factual scenario at bar.

9

In *McCreesh*, the plaintiff suffered injuries on August 14, 2000 and filed a praecipe to issue a writ of summons against the City of Philadelphia on August 12, 2002, two days before the limitations period expired. *McCreesh v. City of Philadelphia*, 888 A.2d 664, 666 (Pa. 2005). The *McCreesh* plaintiff then attempted to serve the City by certified mail, which a receptionist at the City Law Department signed for on August 13, 2002. Id. Three months later, after filing his complaint, Plaintiff requested a reissuance of the writ and served it effectively by hand delivery pursuant to Pa. R.C.P. 400.1. Id. at 667. In addition to its holdings, detailed *supra*, the Supreme Court ruled that the plaintiff tolled the limitations period by giving the Law Department actual notice before the run of the limitations period.

It is clear to the Court that the factual scenario in *McCreesh* does not apply. In *McCreesh* the plaintiff at least managed to provide the City some indication of notice before the run of the limitations period. Here, Plaintiffs made one ineffective attempt at service before the run of the limitations period, serving a vacant lot. *McCreesh* in fact reinforces Defendant's contention that the limitations period should not be tolled here based upon a lack of service and failure to carry the action forward.

Plaintiffs also cite *Shackelford v. Chester Cty. Hosp.*,[1] a 1997 Superior Court decision. There, the plaintiff commenced an action against a medical professional on October 25, 1985, approximately five days before the limitations period expired. *Shackelford*, 690 A.2d at 733. Thereafter, the Sheriff attempted to serve the defendant unsuccessfully on five occasions, all within two weeks. Id. The *Shackelford* court held that the plaintiff tolled the limitations period through her five attempts to serve the writ during the thirty-day period prescribed by **Pa. R.C.P. 401**. Id. at 736. Plaintiffs in the case at bar argues that *Shackelford* supports their position, as Plaintiffs believe that the

---

[1] 690 A.2d 732 (Pa. Super. 1997).

10

amended writ filed on August 15, 2014 serves as the start point and the four attempts to serve the writ between August 2014 and November 2014 serve to toll the statute.

We disagree. In the case at bar, the original writ upon which Plaintiff Ronk filed his suit issued on September 3, 2013. We find no proposition that allows the Court to begin counting from the point of an amended writ where a plaintiff adds an additional plaintiff. The Court cannot give credence to this argument because it would, in effect, turn the elective amending of a writ into an event upon which Plaintiffs could "reset the clock." We also note that the period of time in *Shackelford* was attenuated to a period of two weeks between the issuance of the original writ and the five attempts at service—in the case at bar, the first attempt at service occurred nearly one year after issuance of the original writ. This Court cannot allow Plaintiffs to use the constant reissuance of writs to, in effect, create their own limitations period. The law of this Commonwealth is clear—if a plaintiff wishes to have their writ toll the statute of limitations, they must make a good faith effort to serve the same.

Plaintiffs finally cite *Ramsay v. Pierre*,[2] a 2003 Superior Court decision involving issues with service and addresses.[3] In *Ramsay*, the plaintiff filed a praecipe for a writ of summons on January 4, 2000, three days before the expiration of the limitations period. *Ramsay*, 822 A.2d at 87. Plaintiff then attempted to serve defendant with no success, resulting in dismissal of the action on February 15, 2000. Id. at 88. On February 24, 2000, the United States Postmaster informed the plaintiff that defendant resided at a new location. Id. Plaintiff caused the matter to be re-listed for trial and had a Constable attempt to serve the defendant at the new address to no avail. Id. The plaintiff then made

_____

[2] 822 A.2d 85 (Pa. Super. 2003).

[3] Plaintiffs also cite *Rowe v. Cairn Holdings*, 1886 EDA 2014 (Pa. Super. Mar. 9, 2015). Based upon its non-precedential disposition, we forego analysis of this decision, regardless of whether Plaintiffs cite it "merely as persuasive authority due to its factual similarity to the instant case."

11

inquiry to the Postmaster again, determining that the defendant still received mail at the latter address. Id. Plaintiff subsequently filed for alternative service on September 26, 2000 and caused alternate service on the defendant by certified mail on October 3, 200, confirmed by return receipt of November 11, 2000. Id.

There the Superior Court found that the limitations period was tolled based on the plaintiff's good faith attempts in effectuating service:

> In light of the action's procedural history, the focus of our review is the nine-month period between the date Appellee filed the complaint and the date he eventually effected service. Appellee's overall conduct unequivocally establishes his good-faith attempt to effect service. [Plaintiff] did not attempt to prevent service, thwart the progress of the lawsuit, or stall the legal machinery. Instead, [plaintiff] attempted to achieve service repeatedly throughout the nine-month period. In addition, he did not sit idly or disregard his duty to ascertain [defendant's] whereabouts after the complaint was returned without service. Indeed, [defendant] was unable to effectuate service on the elusive [defendant] despite the postmaster twice indicating the correct address. In light of these facts, we cannot find the nine-month period to be unreasonable.

Id. at 91-92.

We do not find *Ramsay* to be similar to the factual scenario at bar. The *Ramsay* plaintiff made full efforts to serve the original writ going forward, including research and motions for alternative service—in the case at bar we see a nearly full year delay before Plaintiffs even delivered the writ to the BCSD for service. Plaintiffs made no effort to research Ms. Israel's current location before the run of the limitations period, only doing so after a completely defective attempt at service. Furthermore, Plaintiffs did not petition the court for alternative service during that time, despite two Alternative Service Orders by this Court. To ignore the delay and period of constant reissuances of the writ in the good faith calculus would be the same as to ignore the limitations period itself.

12

Therefore, the Court grants Defendant's Motion for Summary Judgment and dismisses all of Plaintiffs' claims.

In light of the foregoing, we now enter the following:

O

R

D

E

R