J-A02030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAROLINE ROWE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CAIRN HOLDINGS, LLC, VANESSA NENNI, ESQ. AND LAW OFFICE OF VANESSA NENNI, PC | |
| Appellee | No. 1886 EDA 2014 |

Appeal from the Order Entered June 9, 2014
In the Court of Common Pleas of Lehigh County
Civil Division at No.: 2013-C-2967

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED MARCH 09, 2015**

Caroline Rowe appeals the June 9, 2014 order that sustained preliminary objections to Rowe's civil complaint.  After review, we reverse the trial court's order and remand for further proceedings.

On August 13, 2013, Rowe filed a civil complaint in Lehigh County.  In that complaint, Rowe alleged that, on September 6, 2011, at around 9:55 p.m., she fell while walking on the sidewalk in front of 622 Linden Street, Bethlehem, Northampton County, Pennsylvania.  Cairn Holdings, LLC, ("Cairn"), Vanessa Nenni, Esquire, and the Law Office of Vanessa Nenni, PC ("Nenni defendants") (collectively "Appellees"), are located at 622 Linden Street.  Rowe alleged that she fell due to a defective or unlevel sidewalk on the premises and that Appellees were negligent in, *inter alia*, failing to

maintain the sidewalk. Rowe claimed that she injured her back, leg, and eye in the fall.

On September 24, 2013, the Lehigh County Sheriff filed a return of service for each Appellee indicating that service was not made because Appellees were not located in Lehigh County. However, Rowe asserts that she did not receive the return until October 2013. Affidavit of Kori Crenshaw, Paralegal, Exh. B to Response of Plaintiff to Preliminary Objections of Defendant, Cairn Holdings, LLC, 3/17/2014, at 1. Rowe claims that she discovered the correct county in November 2013 and sent the complaint to be served in Northampton County in December 2013. *Id.* Because the fee for service sent with the complaint was incorrect, the complaint was re-sent for service in late December 2013 and again in January 2014. *Id.* at 2.

On December 11, 2013, Rowe filed a petition to reinstate her complaint. Another petition to reinstate was filed on January 15, 2014. Appellees were served with the complaint on February 7, 2014 by the Northampton County Sheriff. The returns of service were docketed on February 25, 2014.

On February 25, 2014, the Nenni defendants filed preliminary objections in which they asserted the failure to serve the complaint timely and improper venue. On February 26, 2014, Cairn also filed preliminary objections which alleged improper service. Rowe filed a response. On June

9, 2014,[1] after argument, the trial court sustained Appellees' preliminary objections and struck Rowe's complaint with prejudice.

On June 24, 2014, Rowe filed a notice of appeal. The trial court ordered, and Rowe timely filed, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 29, 2014, the trial court filed its Pa.R.A.P. 1925(a) opinion.

Rowe raises one issue for our review:

Did the trial court abuse its discretion or commit an error of law in finding that [Rowe] failed to make good faith efforts to serve [Appellees] where [Rowe] was actively attempting to serve [Appellees] and any delays by [Rowe] were only a matter of weeks?

Rowe's Brief at 4.

Our review of a challenge to a trial court's decision to grant preliminary objections is guided by the following standard:

[o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

\* \* \*

***Haun v. Community Health Systems, Inc.***, 14 A.3d 120, 123 (Pa. Super. 2011)

---

[1] The order is dated June 6, 2014, but was docketed and notice was mailed on June 9, 2014. Therefore, we refer to it as the June 9 order.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (brackets in original).

> Our rules dictate the time period within which service is to be made.
>
> (a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.
>
> (b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.
>
> (2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.
>
> (3) A substituted writ may be issued or a substituted complaint filed upon praecipe stating that the former writ or complaint has been lost or destroyed.
>
> (4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement or substitution.

Pa.R.C.P. 401 (note omitted).

In *Lamp v. Heyman*, our Supreme Court discussed the time limit for service. 366 A.2d 882 (Pa. 1976). The Court recognized that, as long as a writ of summons or complaint was filed within the statute of limitations, the rules permitted a plaintiff to "keep an action alive until service can be made," and that the time was limited by the doctrine of *non pros*. *Id.* at 888. However, the Court also recognized that there was a potential for

- 4 -

abuse "in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service." ***Id.*** Therefore, the Court announced a new rule that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he ha[s] just set in motion." ***Id.*** at 889.

Since ***Lamp***, we have stated that, when an action is commenced prior to the running of the statute of limitations, but service does not take place until after it has run, the plaintiff is required to make a good-faith attempt to effectuate service. ***Ramsay v Pierre***, 822 A.2d 85, 90 (Pa. Super. 2003). Whether a good-faith effort has been made must be determined according to the circumstance of the case. Neglect or mistake, in addition to bad faith or an overt attempt to delay, is sufficient, under the circumstances of a case, for a court to determine that service was improper. ***Id; see also McCreesh v. City of Philadelphia***, 888 A.2d 664, 670-71 (Pa. 2005) (holding that rules and case law "allow[] for the continued validity of the writ despite non-compliance with the rules so long as the defendant received actual notice and was not prejudiced").

In determining whether a plaintiff acted in good faith, our standard of review is as follows:

> The trial court's [determination] that [the appellant] made a good faith effort to accomplish service is a factual matter within its sound discretion.

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 126 (Pa. Super. 2007) (citations omitted).

Rowe argues that she acted in good faith. Rowe asserts that she asked the Lehigh County Sheriff's Office to serve the complaint when it was filed in August 2013. However, she did not learn that service was not effectuated until October 2013, and the Sheriff's Office did not advise Rowe of the county in which Appellees were located. Rowe states that, after she learned that Appellees were in Northampton County in November 2013, she reinstated the complaint in December 2013. Rowe also asserts that she attempted to have the complaint served in Northampton County, but that service was delayed when the Sheriff's Office provided incorrect information about the cost to serve the complaint, resulting in Rowe's attorney having to issue a new check before service could be completed. Rowe contends that she continued to work to get the complaint served except for a two-month period. Rowe argues that she was not required to reinstate the complaint continuously and that the passage of more than thirty days between the original filing and the reinstatement of the complaint was inconsequential. Rowe's Brief at 9-11.

Cairn argues that Rowe did not act with sufficient diligence to establish a good-faith effort. Cairn also asserts that Rowe did not provide actual notice prior to service. Cairn's Brief at 12-18. The Nenni defendants maintain that Rowe should have known that they were located in Northampton County because Rowe lives a block away from where Appellees are located, which is in Northampton County. The Nenni defendants contend that, because Rowe did not undertake an investigation to discover in which county the Appellees must be served, Rowe did not act in good faith. Further, the Nenni defendants argue that the six-month delay between filing and service evidences Rowe's lack of a good-faith effort. Nenni Defendants' Brief at 9-11.

The trial court found that Rowe did not make reasonable, good-faith efforts. The court focused upon the fact that Rowe did not follow up with the Sheriff's Office, despite the fact that the complaint was filed right before the statute of limitations ran. T.C.O. at 4. The court also found it unreasonable that Rowe learned that service was not completed on October 20, 2013, but did not seek to reinstate the complaint until two months later in December 2013. The trial court concluded that Rowe had not intentionally delayed service, but that Rowe's unintentional conduct caused a delay that amounted to a lack of good-faith effort. *Id.* at 5.

Our Supreme Court has provided guidance regarding the strictness with which we must assess Rowe's good-faith efforts.

In applying *Lamp* and its progeny, the Commonwealth and Superior Courts have formulated inconsistent rules, sometimes dismissing cases due to plaintiffs' failure to comply strictly with the Rules of Civil Procedure and on other occasions reserving the drastic measure of dismissal for only those cases where the defendant has been prejudiced by plaintiff's failure to comply with the rules. *Compare Teamann v. Zafris*, 811 A.2d 52 (Pa. Cmwlth. 2002) (equating "good faith" with strict compliance with the Rules of Civil Procedure); *Green v. Vinglas*, 635 A.2d 1070, 1073 (Pa. Super. 1993) (same); *Williams v. Southeastern Pennsylvania Transportation Authority*, 585 A.2d 583 (Pa. Cmwlth. 1991) (same); *Feher v. Altman*, 515 A.2d 317, 319 (Pa. Super. 1986) (same); *with Fulco v. Shaffer*, 686 A.2d 1330 (refusing to dismiss claims based on failure to comply with rules where defendant received actual notice and was not prejudiced); *Leidich v. Franklin*, 575 A.2d 914 (Pa. Super. 1990) (same); *Hoeke v. Mercy Hospital of Pittsburgh*, 386 A.2d 71 (Pa. Super. 1978) (same); *Big Beaver Falls Area Sch. Dist. v. Big Beaver Falls Area Educ. Assoc.*, 492 A.2d 87 (Pa. Cmwlth. 1985) (same); *but see Schriver v. Mazzioti*, 638 A.2d at 226 (holding that *Lamp* requires compliance but allowing exceptions as in *Leidich*).

Upon review of these cases, we conclude that the rigid compliance requirement of the *Teamann* line of cases is incompatible with the plain language of Rule 401, the spirit of *Lamp,* and the admonition of Rule 126 to construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties. In *Lamp*, we sought to alleviate the hardships caused by plaintiffs who exploited the rules of civil procedure to make an end run around the statutes of limitations.

Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the *Leidich* line of cases, which, applying *Lamp*, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.[20]

[20] Additionally, we note that there may be situations where actual notice may not be absolutely necessary so long as

> prejudice did not result, but we need not delineate such an exception here because the issue is not before us.

*McCreesh*, 888 A.2d at 673-74 (2005) (citations modified).

In *Ramsey*, *supra*, the plaintiff filed a complaint in January 2000. 822 A.2d at 87. The plaintiff attempted service at the defendant's last known address, but was unsuccessful. About six weeks later, and after the statute of limitations ran, the plaintiff discovered a new address for the defendant and attempted service again. However, the constable returned service, noting that the defendant was "not found." In July 2000, the plaintiff again sought an address for defendant, and, in August 2000, the United States Postmaster provided the same address at which the plaintiff had attempted service previously. In September 2000, the court allowed the plaintiff to provide alternate service by certified mail. In October 2000, the plaintiff served the complaint by certified mail, and, in November 2000, the plaintiff received a return receipt. *Id.* at 88.

We held that the plaintiff had not attempted to prevent service or stall the progress of the lawsuit. Instead, the plaintiff repeatedly attempted service during the period between filing and service. We focused upon the fact that the plaintiff did "not sit idly or disregard his duty to ascertain [the defendant's] whereabouts after the complaint was returned without service." *Id.* at 91. Given the facts of the case and the plaintiff's efforts, we held that the plaintiff acted with good faith. *Id.* at 92.

Appellees rely upon ***Englert*** to argue that Rowe did not act in good faith. In ***Englert***, the plaintiff filed a writ of summons in September 2003. The plaintiff gave the complaint to the Sheriff's Department for service, but provided an old address for the defendants. The defendants moved after the accident that was the basis for the complaint but before the writ was filed. The Sheriff's Department filed a return that stated that service was not effectuated and that listed the defendants' new address. Despite having difficulties receiving mail because he had changed offices, the plaintiff's counsel did not check the on-line docket nor inquire with the Sheriff's Department to see if service had been completed. ***Englert***, 932 A.2d at 123. Six months later, in March 2004, the plaintiff received a letter from the defendants' insurance carrier asking whether the plaintiff intended to make a claim. Also in March 2004, plaintiff's counsel finally received the Sheriff's return through the mail. ***Id.*** at 124. We concluded that the plaintiff's inaction amounted to neglect and an intent to stall the lawsuit. ***Id.*** at 127.

Here, Rowe filed her complaint on August 13, 2013. The Sheriff filed the return of service on September 24. However, Rowe claims that she did not receive the return until October 2013. Rowe discovered the correct county in November 2013 and sent the complaint to be served in Northampton County in December 2013. However the fee to serve the complaint was incorrect. Therefore, the complaint was re-sent for service in late December 2013 and again in January 2014. Service was effectuated in February 2014.

The instant case is similar to **Ramsey**. Rowe repeatedly attempted to effectuate service during the period between filing and service. In **Ramsey**, as here, there were gaps between her efforts. However, overall, Rowe did not sit idly by when service had not been effectuated. Further, **Englert** is distinguishable. In **Englert**, the plaintiff waited approximately six months for the return of service without making any inquiries or doing anything to advance the legal machinery. Here, while approximately six months elapsed between filing and service, Rowe continued throughout that time period to make attempts to effectuate service. Therefore, we hold that the trial court abused its discretion in finding that Rowe did not act in good faith and sustaining Appellees' preliminary objections, and we reverse the trial court's June 9, 2014 order.

We note that the Nenni defendants raised the issue of improper venue in their preliminary objections. The trial court did not rule specifically upon that objection, instead dismissing Rowe's complaint upon the basis of improper service. Therefore, upon remand, the trial court shall address the remaining preliminary objection.

Order reversed. Remanded with instructions. Jurisdiction relinquished.

Judge Lazarus joins the memorandum.

Judge Panella did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/9/2015</u>