**In the Interest of K.B. (Minor).**

**Appeal of G.H. and K.B., City of Philadelphia Department of Human Services.**

Superior Court of Pennsylvania.

Submitted July 19, 1999.
Filed Nov. 27, 2000.

Betty A. Simon, Philadelphia, for appellant.

Patricia Ruck, Philadelphia, for appellee.

Jonathan J. Houlon, Asst. City Sol., for City of Philadelphia Dept. of Human Services, participating party.

BEFORE: McEWEN, President Judge, and KELLY, MONTEMURO *, JJ.

MONTEMURO, J.:

¶ 1 Appellants, G.H. (Mother) and K.B. (Father), appeal from an order entered by the Philadelphia County Court of Common Pleas terminating their parental rights to their minor children, K.B. and K.M.B. In a memorandum opinion filed by this Court on October 22, 1999, we remanded this case for an evidentiary hearing and retained jurisdiction. That hearing has since been held in the family court, and we now resume consideration of the appeal.

* Retired Justice assigned to Superior Court.

¶ 2 On March 8, 1994, the Department of Human Services of the City of Philadelphia (DHS) first received a report concerning K.B. and K.M.B.; specifically that the children had been involved in a theft, and that Mother did not know where the children were. DHS next became involved with the family when the agency learned that Mother was physically abusing K.B. Accordingly, DHS obtained a restraining order to protect the child from Mother. Consequently, an adjudication hearing was scheduled regarding K.B. for November 20, 1996, and Appellants were subpoenaed to attend. They failed to appear, however, and the court adjudicated K.B. dependent, committing him to the custody of DHS.

¶ 3 At a disposition hearing held on February 11, 1997, DHS presented testimony that Appellants' home was filthy and uninhabitable for the children. The court accordingly issued a restraining order for K.M.B. and K.B. Thus, on March 10, 1997, the court adjudicated K.M.B. dependent, as it had previously adjudicated her brother, and committed K.M.B. to the custody of DHS.

¶ 4 On June 4, 1997, DHS conducted a family service plan meeting to outline objectives for Appellants to regain custody of their children, including: ridding the home of roach infestation; participating in substance abuse screenings; cooperating with DHS; visiting the children regularly; keeping DHS informed of their whereabouts; and making the home available for inspections. Appellants failed to attend the meeting. On December 18, 1997, DHS held a family service plan revision meeting, but Appellants again failed to attend and the objectives of the plan remained unchanged. On June 18, 1998, DHS held a second revision meeting, which parents yet again did not attend. At that meeting, the objectives of the plan were changed to: arranging a drug treatment program; participating in regular drug screenings; meeting with the placement agency as nec-

essary; obtaining adequate housing; keeping DHS informed of their whereabouts; and visiting the children regularly.

¶ 5 On August 7, 1998, a goal change and termination hearing was held in family court, and neither appellant appeared. The court found that Mother and Father had visited the children only sporadically and that neither had complied with the family service plan objectives. Thus, the court found that the children's interests would be best served if they were adopted. Accordingly, the court terminated Appellants' parental rights and changed the goal for the children to adoption. (Trial Ct. Op. at 2).

¶ 6 Appellants filed a timely appeal to this Court, in which they contended that they were not properly served with notice of the termination hearing. Upon initial consideration, we found that the record lacked evidence needed for a meaningful review of the adequacy of the service. Specifically, the petition for termination, subpoenas and affidavits of service were missing from the record. Thus, we stayed the order terminating Appellants' parental rights, remanded the case to family court for an evidentiary hearing to supplement the deficient record, and retained jurisdiction. (Unpublished Memorandum, 10/22/99, at 6).

¶ 7 On March 3, 2000, pursuant to our order remanding the case, an evidentiary hearing was held in family court. Although Appellants' counsel was not present due to a medical emergency, the hearing proceeded. DHS entered into evidence the children's adoption records, which included: subpoenas instructing each appellant to appear on August 7, 1998 at 9 a.m. for a hearing in family court; affidavits that the subpoenas were served personally on each appellant; and a petition to terminate involuntarily parental rights and change the goal for the children to adoption.[1] Upon Appellants'

1. These documents had been removed from the dependency file and included in the separate adoption file, causing the initial deficiency in the record on appeal.

subsequent motion, however, the court held a second evidentiary hearing because the first had proceeded *ex parte*.[2] At the second hearing, Mother testified that on the date of the alleged service, she had not been residing at the location at which the subpoenas were allegedly served. (N.T., 5/8/00, at 10–14).

¶ 8 Since the record in this case has been supplemented pursuant to our earlier order, and we retained jurisdiction, we now resume consideration of the appeal. In appeals involving termination of parental rights, our scope of review is broad. *In the Interest of Lilley*, 719 A.2d 327, 329 (Pa.Super.1998). We consider all the evidence as well as the family court's factual and legal determinations. *Id.* Our standard of review, however, is limited to determining whether the decree of the family court is supported by competent evidence and whether the court gave adequate consideration to the effect of such a decree on the welfare of the children. *Adoption of Atencio*, 539 Pa. 161, 650 A.2d 1064, 1066 (1994); *In re Child M.*, 452 Pa.Super. 230, 681 A.2d 793, 797 (1996), *appeal denied sub nom. Child M. v. Smith*, 546 Pa. 674, 686 A.2d 1307 (1996).

¶ 9 In a proceeding to terminate parental rights involuntarily, the party seeking termination bears the burden to establish that termination is warranted under the Adoption Act.[3] *Atencio, supra.* This showing must be made by clear and convincing evidence, because at stake is the termination of rights with constitutional significance. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). In determining whether termination is warranted under the Act, the family court must examine the totality of circumstances and consider all explanations offered by the parents, *In re Adoption of Charles E.D.M.*, 550 Pa. 595, 708 A.2d 88, 91 (1998), but always accord primary consideration to the needs and welfare of the children. *Atencio, supra; In re J.E.*, 745 A.2d 1250, 1254 (Pa.Super.2000). With these principles in mind, we examine the instant termination case.

¶ 10 In this appeal, the sole issue is whether Appellants were properly served with notice of the hearing to terminate their parental rights.[4] As in all civil cases, the petitioner, here DHS, bears the burden to prove proper service by its affirmative acts. *Leight v. Lefkowitz*, 419 Pa.Super. 502, 615 A.2d 751, 753 (1992).

¶ 11 Under § 2513(b) of the Adoption Act, "[a]t least ten days' notice shall be given to the [parents] of a minor child whose rights are to be terminated, by personal service or by registered mail to [their] last known address or by such other means as the court may require." In addition to the requirements of the Adoption Act, the Pennsylvania Rules of Civil Procedure provide precise requirements for service of process. *Sharp v. Valley Forge*

---

**2.** The motion was framed as one for "reconsideration," which was improper because, on remand, the family court was merely supposed to supplement the record so that this Court could conduct a meaningful review of the termination order. As we had retained jurisdiction in the matter, the family court lacked authority to grant reconsideration. Nevertheless, the first evidentiary hearing had proceeded *ex parte,* and a second hearing was therefore warranted.

**3.** In the instant case, DHS had the burden to show either that Appellants "by conduct continuing for a period of at least six months immediately preceding the filing of the petition ... evidenced a settled purpose of relin-

quishing parental claim," or that the children had been removed from their parents for over 12 months and that "the conditions which led to removal [of the children] continue[d] to exist and termination of parental rights would best serve the needs and welfare of the child[ren]." 23 Pa.C.S.A. § 2511(a)(1); (a)(8). The family court ordered termination on both grounds. (Trial Ct. Decree, 8/7/98, at 1).

**4.** Appellants only challenge the sufficiency of service, as opposed to the content of the notice they received. Thus, they have waived review of the content of the notice they received and we need not address its sufficiency.

*Medical Center,* 422 Pa. 124, 221 A.2d 185, 187 (1966). Under the Rules, in an action commenced in the First Judicial District, *i.e.,* Philadelphia County, a sheriff or other competent adult is authorized to serve process inside the county by handing a copy to the defendant. Pa.R.C.P. 400.1(1); 402(a)(1). When service is made by a person other than a sheriff, that person must make return of service in the form of an affidavit, setting forth the date, time, place and manner of service, identity of the person served and any other facts needed for the court to determine whether proper service was made. Pa.R.C.P 405.

■ ¶ 12 Since the instant petition was filed in the First Judicial District, a competent adult was authorized to serve Appellants inside Philadelphia County with notice of the hearing that had been scheduled in the action to terminate their parental rights, by handing copies to them. The record, as supplemented on remand, includes two affidavits executed by a competent adult stating that he served on each appellant, personally, a "subpoena, notices, complaint, and petition for goal change to adoption and involuntary termination of parental rights" on July 20, 1998 at 8:04 p.m. at 117 North 60th Street in Philadelphia. Such personal service complied with the requirements of both the Adoption Act and the Rules of Civil Procedure, giving Appellants fully 18 days' notice of the termination hearing.

¶ 13 In sum, competent evidence supports the family court's finding that Appellants were properly served with notice of the termination hearing. Thus, we conclude that the decree terminating Appellants' parental rights was properly entered.

¶ 14 Order affirmed.