J-A31011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: ADOPTION OF A.E.S., A MINOR : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
APPEAL OF: B.S., FATHER :
: No. 2289 EDA 2017

Appeal from the Decree Entered June 19, 2017
In the Court of Common Pleas of Delaware County
Orphans' Court Division, at No. 20-2016.

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY PANELLA, J.         **FILED DECEMBER 28, 2017**

B.S. ("Father") appeals from the decree terminating his parental rights
to his daughter, A.E.S. ("Child"). We vacate and remand.

The procedural history pertinent to the resolution of this appeal is as
follows. Legal Guardian/Adoptive Mother O.M. filed a petition to involuntarily
terminate Father's parental rights to Child on February 5, 2016. She attached
a certificate of service indicating that a copy of the petition had been served
upon Father by first-class mail, postage-prepaid. The record does not reflect
any other attempt to serve Father.

A little over a year later, on February 8, 2017, O.M. filed a petition for
the adoption of Child. The record does not contain any indication that O.M.
served the adoption petition on Father by any means. The court issued a
preliminary decree on May 23, 2017, scheduling a hearing on the termination

_____
* Former Justice specially assigned to the Superior Court.

petition for June 19, 2017. Father was not served with a copy of this preliminary decree.

At the termination of parental rights hearing, the court expressed surprise that Father was not present. O.M.'s attorney stated she had sent the notice, by first-class mail, to Father's last known address and to an attorney who had represented Father in the past, but who had not entered an appearance in the termination matter. After hearing brief testimony from O.M., the trial court granted the petition and terminated Father's parental rights.

Father argues, among others, the court denied his constitutional guarantee to due process of law because he did not receive proper notice of the termination petition or the termination hearing. We agree. And, impliedly, so do the guardian ad litem and counsel for O.M. Each has filed a letter with the Court informing us they have no objection to "the Superior Court granting the Appellant's prayer for relief and remanding the matter back to the Delaware County Court of Common Pleas for a new trial." Letter from Kathryn A. Meloni, Esq., filed 10/17/17; Letter from Jacquie L. Jones, Esq., filed 10/20/17.

The "termination of parental rights implicates a parent's Fourteenth Amendment right to due process." ***In re A.N.P.***, 155 A.3d 55, 66 (Pa. Super. 2017) (citations omitted). "Due process requires … adequate notice, an

opportunity to be heard, and the chance to defend oneself in an impartial tribunal having jurisdiction over the matter." *Id*. (citation omitted).

"As in all civil cases, the petitioner … bears the burden to prove proper service by its affirmative acts." *In re K.B.*, 763 A.2d 436, 439 (Pa. Super. 2000) (citation omitted). The Pennsylvania Rules of Civil Procedure provide strict requirements for the service of process. *See id*. Father lived in Philadelphia, but the action commenced in Delaware County. Thus, the termination petition here, the "original process," Pa.R.C.P. 400, should have been served only by sheriff or by a competent adult, not by first-class mail. *See* Pa.R.C.P. 400(d) and 400.1(b).

In addition to the Rules of Civil Procedure, the Adoption Act contains specific notice requirements in termination proceedings. For instance, § 2513(b) requires notice of the termination hearing be given at least 10 days in advance, by personal service or by registered mail, to the parent's last known address, or by such other means as the court may require. The subsection also provides specific language the notice must contain. *See* 23 Pa.C.S.A. § 2513(b). And the Pennsylvania Orphans' Court Rules governing termination proceedings provide further mandates about notice. *See* Pa.O.C.R. 15.4(d) and 15.6 (requiring notice be sent "by registered or certified mail to his or her last known address").

O.M. did not properly comply with any of these service and notice requirements. Accordingly, we vacate the decree terminating Father's parental

rights and remand this matter for the court to conduct a termination hearing *de novo*—only after O.M. serves Father in accordance with the Pennsylvania Rules of Civil Procedure with the petition to terminate parental rights and petition for adoption and provides Father with the requisite notice of the termination hearing in accordance with the Pennsylvania Adoption Act and Orphans' Court Rules.

Decree vacated. Case remanded for proceedings in accordance with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/17