J-S15001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: P.J.B. & D.J.B., MINOR CHILDREN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.M.W., MOTHER | : | No. 3665 EDA 2017 |

Appeal from the Decree October 10, 2017
In the Court of Common Pleas of Northampton County
Orphans' Court at Nos: 2017-0068, 2017-0069

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 16, 2018**

S.M.W. ("Mother") appeals from the decrees entered October 10, 2017, in the Court of Common Pleas of Northampton County, which terminated involuntarily her parental rights to her minor son, D.J.B., born in October 2013, and her minor daughter, P.J.B., born in June 2015 (collectively, "the Children").[1]  We affirm.

The certified record reveals the following factual and procedural history. On February 7, 2016, Northampton County Children, Youth and Families ("CYF") received a report indicating that P.J.B. was suffering from an untreated burn.  CYF received a second report only two days later, indicating that Mother had lost a significant amount of weight, appeared to be under the

_____

[1] The trial court entered separate decrees that same day, terminating the parental rights of the Children's father, S.B. ("Father").  Father did not appeal the termination of his parental rights, nor did he file a brief in connection with this appeal.

influence of substance, and was facing eviction. CYF attempted to provide in-home services, but Mother failed to cooperate. Mother also admitted to using cocaine. On May 11, 2016, a CYF caseworker visited Mother's home. Mother refused to allow the caseworker to go upstairs to see the Children, and appeared to be under the influence. CYF obtained emergency custody of the Children on May 12, 2016. The trial court entered shelter care orders on May 19, 2016, and adjudicated the Children dependent on June 9, 2016.

On June 26, 2017, CYF filed petitions to terminate Mother's parental rights to the Children involuntarily. The trial court conducted a termination hearing on October 10, 2017. Mother failed to appear at the hearing. However, Mother's counsel did appear. Following the hearing, the court entered decrees terminating Mother's parental rights. Mother timely filed a notice of appeal on November 9, 2017, along with a concise statement of errors complained of on appeal.

Mother now raises the following issue for our review. "Whether the trial court erred in terminating the parental rights of the biological mother because [Mother] did not receive notice of the hearing in accordance with the provisions of Section 2513(b) of the [A]doption [A]ct[?]" Mother's Brief at 7.

In matters involving the involuntary termination of parental rights, our standard of review is as follows.

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law

or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

In her sole issue on appeal, Mother argues that she did not receive adequate notice of the termination hearing on October 10, 2017, resulting in her failure to appear. Mother contends that she attended a pre-trial hearing on August 1, 2017, during which CYF provided her with notice. Mother's Brief at 11-14. However, Mother contends that CYF informed her that the hearing would take place on either October 10, 2017, or October 11, 2017, and that she never received clarification as to the correct date. *Id.*

The Adoption Act governs involuntary termination of parental rights proceedings. *See* 23 Pa.C.S.A. §§ 2101–2938. Section 2513(b) of the Act provides as follows.

> **(b) Notice.--**At least ten days' notice shall be given to the parent or parents, putative father, or parent of a minor parent whose rights are to be terminated, by personal service or by registered mail to his or their last known address or by such other means as the court may require. A copy of the notice shall be given in the same manner to the other parent, putative father or parent or guardian of a minor parent whose rights are to be terminated. A putative father shall include one who has filed a claim of paternity as provided in section 5103 (relating to acknowledgment and claim of paternity) prior to the institution of proceedings. The notice shall state the following:

"A petition has been filed asking the court to put an end to all rights you have to your child (insert name of child). The court has set a hearing to consider ending your rights to your child. That hearing will be held in (insert place, giving reference to exact room and building number or designation) on (insert date) at (insert time). You are warned that even if you fail to appear at the scheduled hearing, the hearing will go on without you and your rights to your child may be ended by the court without your being present. You have a right to be represented at the hearing by a lawyer. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

(Name)

(Address)

(Telephone number)"

23 Pa.C.S.A. § 2513(b).

Likewise, our Orphans' Court Rules provide the following guidance, in relevant part.

(a) Notice to every person to be notified shall be by personal service, service at his or her residence on an adult member of the household, or by registered or certified mail to his or her last known address. If such service is unobtainable and the registered mail is returned undelivered, then:

***

(2) in [involuntarily termination and adoption proceedings], further notice by publication or otherwise shall be given if required by general rule or special order of the local Orphans' Court. If, after reasonable investigation, the identity of a person to be notified is unknown, notice to him or her shall not be required.

Pa.R.O.C. 15.6(a)(2).

After a careful review of the certified record, we conclude that Mother waived this claim. Mother's counsel appeared and participated in the October

10, 2017 termination hearing, and did not raise any objection regarding Mother's lack of notice. *See In re Adoption of W.C.K.*, 748 A.2d 223, 228 (Pa. Super. 2000), *appeal denied*, 788 A.2d 378 (Pa. 2000), *overruled on other grounds as recognized by*, *In re Adoption of Z.S.H.G.*, 34 A.3d 1283, 1288–89 (Pa. Super. 2011) ("[T]he entry of appearance by Mother's attorney and her subsequent participation in the termination hearing without objection to sufficiency of notice waived any claim personal to Mother on this issue.").

Even if Mother had not waived this claim, the record confirms that she received adequate notice of the hearing. During the pre-trial hearing on August 1, 2017, counsel for CYF provided notice to Mother and Father as follows.

> [Counsel for CYF]: Your Honor, I would like to give both parents notice of the involuntary termination trial while they're here so we do not need to re-serve them.[2] Please be advised, [Father], that you need to come the Northampton County Courthouse on October 10, 2017, which is a Tuesday morning at 9 a.m., and the courthouse is located at 669 Washington Street in Easton, Pennsylvania. You are standing here today in Courtroom 4 of the Northampton County Courthouse. You need to move to Courtroom 1 at 9 a.m. If you do not appear at 9 a.m., on October 10th, 2017, your rights may be ended without a trial. Do you understand that, sir?
>
> [Father]: Yes.
>
> [Counsel for the CYF]: You understand this will be the only notice that you get of the proceedings on October 10 of 2017?

---

2 CYF served Mother and Father with written notice of the August 1, 2017 pre-trial hearing.

[Father]: Yes.

[Guardian *ad litem* ("GAL")[3] for the Children]: Just for clarification purposes, I did check the court calendar. Monday of that particular nonjury week is an observed holiday. Normally these non-jury proceedings for parental rights are held on a Tuesday of non-jury week. So I don't know if it's going to be on the 10th or the 11th. Are we going to re-serve them in the event it's on the 11th?

[Counsel for CYF]: If they come on the 10th and the case is listed for the 11th, we can deal with it at that point. I'm not sure how the Court --

THE COURT: Just praecipe it for the 11th.

[Counsel for CYF]: The problem is, I'm not sure what the Court is going to do at that time, if they're going to hear it or not hear it.

[Mother], do you understand your next trial will be October 10th, 2017 at 9 a.m., in the Northampton County Courthouse, Courtroom 1, 669 Washington Street in Easton?

[Mother]: Yes.

[Counsel for CYF]: Do you understand that you're standing here today, which is August 1st, 2017, in the Northampton County Courthouse, Courtroom 4, and that your courtroom is now going to move on October 10th, 2017 to Courtroom 1?

[Mother]: Yes.

[Counsel for CYF]: Do you understand that if you do not show up on October 10th, 2017, at 9 a.m., your rights may be ended without any trial whatsoever?

[Mother]: Yes.

[Counsel for CYF]: This will be the only notice you receive at the proceeding here today. You will not be re-served for any

---

[3] The Children had the benefit of both legal counsel and a GAL during the termination hearing on October 10, 2017.

other date. If you have a problem or don't understand anything, both of you please speak with your attorneys. Does everybody understand that?

[Mother]: Yes.

[Counsel for CYF]: [Father]?

[Father]: Yes.

N.T., 8/1/17, at 5-7.

Initially, we stress that CYF should have provided Mother with written notice of the October 10, 2017 termination hearing. In its brief, CYF states that it "personally served" Mother during the August 1, 2017 pre-trial hearing, in accordance with Section 2513(b). CYF's Brief at 1-4. Personal service requires that a parent receive a physical copy of the notice of the hearing to terminate his or her parental rights. *See In re K.B.*, 763 A.2d 436, 440 (Pa. Super. 2000) (describing personal service as "handing a copy to the defendant"). Oral notice does not qualify as personal service. The need for written notice is especially clear in a case like this one, where the date of the termination hearing was over two months away at the time of the pre-trial hearing.

Nonetheless, under the circumstances presented here, it is clear that Mother did not suffer any prejudice. The record confirms that Mother received detailed notice of the date, time, and location of the termination hearing. The record belies Mother's contention that this notice was confusing. While it is true that the GAL and counsel for CYF expressed some concern that the hearing may not occur on October 10, 2017, counsel for CYF then reiterated

to Mother that she should appear on that date.  In addition, Mother had the benefit of counsel during the termination proceedings, and could have consulted counsel if she had any question as to when she should appear.

Based on the foregoing, we conclude that Mother's issue does not entitle her to relief.  Therefore, we affirm the October 10, 2017 decrees terminating her parental rights involuntarily.

Decrees affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/18